UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| LUIS EDUARDO MARTINEZ-RENTERIA) | CASE NO.  4:06 CV2936 |
| Petitioner, | JUDGE KATHLEEN M.  O'MALLEY |
| v. | |
| | MEMORANDUM OF OPINION |
| | AND ORDER |
| T.R. SNIEZEK, et al., | |
| Respondent. | |

Pro se petitioner Luis Eduardo Martinez-Renteria filed the above-captioned petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 against T. R. Sniezek, Warden at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton).  He asserts that his right to due process was violated because, based on the facts upon which he entered a guilty plea, the sentence imposed by the court exceeds the maximum range under the Sentencing Guidelines.

*Background*

Mr. Martinez-Renteria was indicted on December 21, 2000 and charged with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the

jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act (MDLEA) 46 App. U.S.C. § 1903(a),(j) & (g), and possession with intent to distribute five kilograms or more cocaine while on board a vessel, in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and the Comprehensive Drug Abuse Prevention and Control Act of 1970, § 1010(b)(1)(B), 21 U.S.C. § 960(b)(1)(B). Petitioner entered into a plea agreement wherein he agreed to plead guilty to Count 1 in exchange for the dismissal of Count 2 of the indictment. Mr. Martinez-Renteria also waived his right to appeal his conviction.

Appearing before the United States District Court for the Middle District of Florida on May 25, 2001, Mr. Martinez-Renteria entered a guilty plea. He was sentenced on September 13, 2001 to a term of 135 months imprisonment, followed by 60 months of supervised release.

Relying on the Supreme Court's decision in Apprendi v. New Jersey, 430 U.S. 466 (2000), Mr. Martinez-Renteria appealed his conviction arguing that 21 U.S.C. § 960 and, by extension, the MDLEA were unconstitutional "because subsection 960(b) designates drug type and quantity as sentencing factors." (Pet. at 3.) The Eleventh Circuit Court of Appeals dismissed his appeal and affirmed his conviction on December 6, 2002. United States v. Renteria, No. 01-15446 (11th Cir. Dec. 6, 2002), cert. denied sub nom, Renteria v. United States, 126 S. Ct. 117 (2005). Petitioner then filed a request for collateral relief pursuant to 28 U.S.C. § 2255, which was denied in 2003. See Renteria v. United States, No. 8:03-CV-1935-T-30TBM (M.D. Fla. Oct. 6, 2003). A second motion to vacate was filed in the Middle District of Florida and dismissed by the court without prejudice on June 1, 2006. Petitioner was directed to seek leave from the Court of Appeals to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b). There

is no allegation that he sought leave from the Eleventh Circuit to file a second or successive § 2255 motion.

*Analysis*

In his petition before this court, Mr. Martinez-Renteria argues that "[d]ue process, informed by ex post facto principles, prevents a court from retroactively exposing Renteria to an increase in punishment as the result of an unexpected and indefensible change to the law." (Pet. at 3.) He adds that the Supreme Court held that the Sixth Amendment limits the maximum sentence a defendant may receive based on facts found by a jury beyond a reasonable doubt, or, as in his case, based only on those facts to which a defendant pleads guilty. Mr. Martinez-Renteria asserts that this precludes the enhancement of his sentence based on facts found solely by the court, and that the mandatory Sentencing Guideline range is "the statutory maximum for constitutional considerations." (Pet. at 4.) He claims that at the time he was sentenced the Guidelines were mandatory; however, the Supreme Court determined in United States v. Booker, 543 U.S. 220 (2005) that the Guidelines are now advisory. This interpretation of the Guidelines allegedly "increased Renteria's maximum penalty from the topy [sic] of the mandatory Guideline range to the maximum sentence set forth in the United States Code." (Pet. at 4.)

*28 U.S.C. § 2241*

Generally, claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and claims seeking to challenge the execution or manner in which the sentence is served shall be filed

in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). A federal prisoner may, however, bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

It is apparent from the issues outlined in petitioner's pleading that he is attacking the sentence imposed by the court and, thus, is seeking relief through the safety valve provision under § 2255.[1] Moreover, he has filed this § 2241 petition in the court having jurisdiction over his custodian rather than the court which imposed his sentence. While petitioner does not expressly assert that his § 2255 remedy is inadequate or ineffective to accomplish this, the court liberally construes his petition to invoke Section 2255's savings clause. Urbina v. Thomas, 270 F.3d 292, 295 (6th Cir. 2001). But cf. In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998))('[D]istrict courts should not

---

[1] Under paragraph five of the statute it provides, in relevant part, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (2007)(emphasis added).

4

recharacterize a motion purportedly made under some other rule as a motion made under § 2255).

It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). The § 2255 remedy is also not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); see Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. Martin, 319 F.3d at 804.

There is no claim of "actual innocence" in Mr. Martinez-Renteria's petition. A

petitioner may only use §2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the statute petitioner was convicted of violating in such a way that his actions no longer constitute a violation of the statute. Id. ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); Peterman, 249 F.3d at 461-62.  The Court's decision in Booker did not determine that the actions for which petitioner was convicted are no longer criminal.  Instead, the Sixth Circuit has repeatedly held that Booker and its precursor, Apprendi v. New Jersey, 530 U.S. 466 (2000), did not eliminate judicial fact-finding during sentencing.  Rather, district courts must "calculate the Guideline range as they would have done prior to Booker, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range." United States v. Stone, 432 F.3d 651, 655 (6th Cir.2005); see also United States v. Mickens, 453 F.3d 668, 673 (6th Cir.2006).

Even if Mr. Martinez-Renteria alleged that the sentencing court failed to address relevant factors at that time he was sentenced, it is not a basis for § 2241 relief under the savings clause.  Moreover, while the Court determined that its holding in Blakely v. Washington, 542 U.S. 296 (2004), applied to the Sentencing Guidelines, Booker, 543 U.S. at 243-44, it also expressly stated that its holding applied only to cases pending on direct review. Id., at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")). Clearly, Mr. Martinez-Renteria's petition does fall within that class.

Based on the foregoing, this action is dismissed pursuant 28 U.S.C. § 2243. The

court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

   IT IS SO ORDERED.

              s/ Kathleen M. O'Malley
              KATHLEEN M. O'MALLEY
              UNITED STATES DISTRICT JUDGE

DATED: March 29, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

7